UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| HELEN LE,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESIDENT OF THE UNITED STATES, et al.,<br><br>    Defendants. | Case No. 22-cv-04375-LB<br><br>**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiff, who represents herself and is proceeding in forma pauperis, sued the President of the United States, the Speaker of the House, and others, apparently to obtain monetary compensation from defendants that allegedly defaulted in a prior lawsuit she filed.[1] She claims violations of various federal statutes, including 42 U.S.C. § 1983.[2] Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a federal claim. If she can cure the deficiencies in her complaint, she may file an amended complaint by October

---

[1] Compl. – ECF No. 1 at 3–5, 8 (citing Case No. 4:21-cv-00566-JST (N.D. Cal.)). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4–7.

ORDER – No. 22-cv-04375-LB

12, 2022. Otherwise, the court will reassign the case to a district judge and recommend dismissal of the complaint.

## STATEMENT

The plaintiff previously filed a lawsuit against the "CEO, Director, [and] Supervisor [of] USPS" and Scott S. Harris of the Clerk's Office at the United States Supreme Court. The case was dismissed with prejudice. *Le v. CEO, Dir., Supervisor USPS*, No. 21-cv-00566-JST, 2021 WL 1147589, at *1 (N.D. Cal. Mar. 18, 2021). In this case, the plaintiff claims that the defendants in the prior case defaulted and therefore she is owed money.[3]

There are a variety of other allegations. For example, the plaintiff appears to assert that she was denied a hearing before Congress, the defendants "lock[ed] [her] voice[] [and her] face," insurance companies did not provide a car for her to visit a hospital, and she was killed on March 18, 2022.[4]

In addition to the complaint, the plaintiff also submitted various letters.[5] For example, in one letter, she appears to allege that she attended a hearing that was "control[led]" by "Zoom, Internet, PG and E, and all defendants/respondents unite fraud and block [her] face, [her] voice[,] and [her] human right."[6]

The plaintiff also filed a motion for default judgment, in which she asserted that she was "wrongfully" put in jail, and that her hopes and efforts for her son were "destroy[ed]" by "federal employment."[7]

---

[3] *Id.* at 3.

[4] *Id.* at 4, 6, 8–9.

[5] Letters – ECF Nos. 5–6, 14–15, 17. The letters are not subject to judicial notice or consideration under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). To the extent that the court references the letters, it is for context or to give the plaintiff guidance for any amended complaint.

[6] Letter – ECF No. 14.

[7] Mot. for Default J. – ECF No. 19 at 2.

The court has federal-question jurisdiction under 28 U.S.C. § 1331. The court previously granted the plaintiff's motion to proceed in forma pauperis.[8] The plaintiff consented to magistrate-judge jurisdiction.[9]

## STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."

---

[8] Order – ECF No. 11.
[9] Consent – ECF No. 3.

*Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

The allegations here do not plead a plausible claim. But the plaintiff alleged specific instances of wrongful imprisonment and harm from federal employment. The court thus affords the plaintiff an opportunity to describe exactly what happened to her. The legal rule is that she must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For this case, that suggests that the plaintiff must describe the nature of her imprisonment and federal employment and exactly what happened to her.

The plaintiff is not owed money in connection with her prior lawsuit, because the defendants did not default. *Le*, 2021 WL 1147589, at *1.

The court also denies the motion for default judgment because the defendants have not been served yet.

## CONCLUSION

The plaintiff may amend her complaint by October 12, 2022, to more fully describe what happened and the basis for her claim for relief. Alternatively, again by October 12, 2022, the plaintiff may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If the plaintiff does neither, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case.

This resolves ECF No. 1.

**IT IS SO ORDERED.**

Dated: September 21, 2022

LAUREL BEELER
United States Magistrate Judge